IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40201
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS PEREZ-RODRIGUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-98-CR-563-1
--------------------

November 10, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jose Luis Perez Rodriguez (Perez) appeals his conviction after pleading guilty to illegal reentry of a deported alien in violation of 8 U.S.C. § 1326(a) & (b)(2). He argues that the district court erred when it denied his motion to suppress his prior deportation. Perez submits that the expedited removal procedures used by the Immigration and Naturalization Service (INS) denied him of due process of law.

Inasmuch as the INS complied with the procedures set forth in 8 U.S.C. § 1228, Perez's prior deportation was admissible

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence for purposes of the instant conviction.  See United States v. Benitez-Villafuerte, 186 F.3d 651, 657-58 (5th Cir. 1999).  Even if the INS had not complied with § 1228, Perez does not make a showing that, but for the purported errors, he would not have been deported.  Id. at 658-59.  Perez's argument that his due process rights were further violated because the INS had a pecuniary interest in deporting him because its budget is determined by the number of aliens it apprehends and deports was rejected by this court in Benitez-Villafuerte. Id. at 660.

The judgment of the district court is AFFIRMED.